DWIGHT M. SAMUEL (CA BAR# 054486)
A PROFESSIONAL CORPORATION
117 J Street, Suite 202
Sacramento, California 95814
916-447-1193

Attorney for Defendant
JOSE PENA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>JOSE PENA  ET. AL., )<br> )<br> Defendant. )<br>_____ ) | NO. 2:10-cr-468 JAM<br><br>STIPULATION AND ORDER |

 IT IS HEREBY stipulated between the United States of America through its undersigned counsel, Assistant United States Attorney Samuel Wong, defendant Leonardo Contreras through his undersigned counsel Jesse Santana, and defendant Jose Pena through his undersigned counsel Dwight Samuel, that the previously scheduled status conference date of March 5, 2013, be vacated and the matter set for status conference on May 7, 2013, at 9:45 a.m.

 The reasons for this request are as follows:

 1. Samuel Wong, AUSA, was designated on September 5, 2012, new counsel for the government.  He has made diligent efforts to come up to speed in this case as well as manage his already existing case load however needs additional time to produce discovery, and prepare if this case should go to trial.

 2. Negotiations regarding a resolution in this case are still on going as to both defendants, however if not resolved Mr. Wong has been notified that both remaining defendants will assert an

affirmative defense of entrapment and employ reputation testimony in the presentation of their defense. Up to this point Mr. Wong was not so notified. It is anticipated that additional investigation will be done in this area for the government.

    3. Counsel for defendant Pena, Dwight M. Samuel, was also recently retained and entered ths case on July 23, 2012. Mr. Samuel has made a demand for discovery in October 2012 that relates to transcripts that translated the Spanish to English conversations of agents and confidential informants with defendant Pena. Additionally, eleven monitored conversations were noted in discovery to exist but have yet to be provided. Mr Samuel has been advised that to date only one of the noted tapes will be provided and that the agent is attempting to verify whether the other monitored conversations were actually recorded. Since entrapment is the defense, representations by government agents are critical and need to be produced or at least there needs to be an explanation as to why these monitored conversations were not recorded. Mr. Wong is investigating this issue as well and it will take time for attorney preparation once these items are produced. Depending on what is produced or not as the case seems to be, there may be a Brady motion made that may affect the case.

    The parties further agree and stipulate that the Court shall order the time period from the filing of this stipulation, March 4, 2013, until May 7, 2013, shall be excluded in computing the time period within which the trial of this matter must be commenced under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and Local Code T-4, to allow reasonable time necessary for effective defense preparation, taking into account the exercise of due diligence.

    It is further agreed and stipulated that the Court shall find that the ends of justice served in granting the request for this continuance outweigh the best interests of the public and the defendants in a speedy trial.

    Accordingly, the parties respectfully request the Court adopt this proposed stipulation in its entirety as its order.

DATED: February 28, 2013                    By: /s/
                                        DWIGHT M. SAMUEL
                                        Attorney for Defendant
                                        JOSE PENA

|  |  |
|---|---|
|  | BENJAMIN B. WAGNER<br>United States Attorney |
| DATED: February 28, 2013 | By:        /s/<br>SAMUEL WONG<br>Assistant U.S. Attorney |
| DATED: February 28, 2013 |        /s/<br>JESSE I. SANTANA<br>Attorney for Defendant<br>LEONARDO CONTRERAS |

## ORDER

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial.

///
///
///

1  The Court orders that the time from the date of the parties' stipulation, March 4, 2013, to and
2  including May 7, 2013, shall be excluded from computation of time within which the trial of this case
3  must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B) (iv), and
4  Local Code T4 (reasonable time for defense counsel to prepare).  It is further ordered that the March 5,
5  2013, status conference shall be continued to May 7, 2013, at 9:45 a.m.
6  IT IS SO ORDERED.
7  DATED: 3/4/2013

/s/ John A. Mendez

John A. Mendez
United States District Court Judge